# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1945

_____

United States of America,      *
        *
      Appellee,       *
        *
      v.        *
        *
Mary Rose Ziman,      *
        *
      Appellant.     *


_____

No. 00-1947

_____

United States of America,      *      [UNPUBLISHED]
        *
      Appellee,       *
        *
      v.        *
        *
Raymond Falcon,      *
        *
      Appellant.     *

Appeals from the United States
District Court for the
District of North Dakota

_____

Submitted:  November 14, 2000
Filed: January 5, 2001

_____

Before MORRIS SHEPPARD ARNOLD and JOHN R. GIBSON, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM:

Following a jury trial in the district court,[2] appellants Mary Rose Ziman and Raymond Falcon ("appellants") were convicted of conspiracy to possess with intent to distribute controlled substances under 21 U.S.C. § 846. Falcon was also convicted of money laundering under 18 U.S.C. § 1957(a). On appeal, appellants argue that under Federal Rule of Evidence 403 the district court judge erred by refusing to exclude evidence that Ziman's granddaughter was seen chewing on methamphetamine taken from Ziman's purse.

We do not agree. The district court did not abuse its discretion in admitting the evidence because it was relevant, see United States v. O'Dell, 204 F.3d 829, 834 (8th Cir. 2000) ("Possession of methamphetamine, even a small amount, during the period in which [a defendant] is accused of conspiring to distribute that same drug is direct evidence that defendant participated in the conspiracy."), and the probative value of the evidence outweighed any potential unfair prejudice. The risk of unfair prejudice was particularly slight as the United States did not emphasize the incident to the jury and did not mention it in its final argument. In a previous case, we held that the trial court acted within its discretion by admitting similar evidence. See United States v. Hester, 140 F.3d 753, 759-60 (8th Cir. 1998) (upholding the admission of photographs of defendant's minor children in the presence of narcotics and weapons). In this case,

---

[1]     The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[2]     The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

moreover, the other evidence of appellants' guilt was so overwhelming that we do not believe the evidence at issue here could have improperly swayed the jury.

Separately, Falcon also argues that the district court erred by refusing to give a multiple conspiracies instruction to the jury. Again, we do not agree. As we have explained before:

> A multiple conspiracy instruction is not required just because there are a number of sources and independent dealers if there was a shared objective to "sell large quantities of drugs." A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions.

United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1998) (citations omitted). Because there was more than enough evidence to support a finding of a single conspiracy, the district court's refusal to give a multiple conspiracies instruction is not reversible error. Id.

In conclusion, we find that the district court did not err by admitting the disputed evidence or by refusing to submit a multiple conspiracies instruction to the jury. Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT